# In the United States Court of Federal Claims

No. 20-1012C

(Filed: August 19, 2020)

**NOT FOR PUBLICATION**

| | |
|---|---|
| LOUIS DIOR AMIR, | ) |
| | ) |
| Plaintiff, | ) Pro Se Complaint; <u>Sua</u> <u>Sponte</u> |
| | ) Dismissal for Want of |
| v. | ) Jurisdiction; RCFC 12(h)(3). |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

ORDER

The court has before it pro se plaintiff Louis Dior Amir's complaint, ECF No. 1, and his motion to proceed <u>in forma pauperis</u> in this matter, ECF No. 2. Because the court lacks jurisdiction over the claims made in plaintiff's complaint, the court dismisses this case pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims (RCFC) <u>sua sponte</u>. <u>See</u> RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

I.   Background

On August 10, 2020, plaintiff Louis Dior Amir, currently incarcerated at the Federal Correctional Institution in Ray Brook, New York, filed a complaint alleging "current suffering of legal wrong by the action of [a] United States District Judge for the Northern Judicial District of Ohio . . . case number 1:10-cr-00439" resulting in plaintiff being placed in "the custody of the Attorney General of the United States." ECF No. 1 at 1. In sum, plaintiff asserts violations of his rights to due process, equal protection, and other constitutional guarantees as of the result of his criminal conviction. <u>Id.</u> at 1-2. Thus, as it appears to the court, plaintiff requests that this court set aside the criminal judgment against him. <u>Id.</u> at 2.

II.     Legal Standards

   A.      Pro Se Litigants

The court acknowledges that pro se plaintiffs are not expected to frame issues with the precision of a common law pleading. Roche v. USPS, 828 F.2d 1555, 1558 (Fed. Cir. 1987). Therefore, plaintiff's complaints have been reviewed carefully to ascertain whether, given the most favorable reading, any of plaintiff's claims support jurisdiction in this court.

   B.      Jurisdiction

This court is one of limited jurisdiction. Specifically, the Tucker Act grants the court the authority to consider, "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012). "A court may and should raise the question of its jurisdiction sua sponte at any time it appears in doubt." Arctic Corner, Inc. v. United States, 845 F.2d 999, 1000 (Fed. Cir. 1988) (citation omitted).

III.    Analysis

   A.      Jurisdiction

The claims presented in plaintiff's complaint are, by their nature, related to his conviction and imprisonment. This court has no jurisdiction over criminal matters, and thus does not have the authority to consider plaintiff's complaint. E.g., Joshua v. United States, 17 F.3d 378, 379 (Fed. Cir. 1994). It follows, also, that a request to set aside a criminal judgment is not within this court's jurisdiction. See id. at 380 (stating that the court "does not have jurisdiction to review the decision of district courts or the clerks of district courts relating to proceedings before those courts").

To the extent that plaintiff alleges that the actions of the district court or judge violated his constitutional rights, jurisdiction is likewise lacking in this forum. It is well-settled that violations of a plaintiff's constitutional rights by a federal official do not fall within this court's jurisdiction. Brown v. United States, 105 F.3d 621, 624 (Fed. Cir. 1997).

   B.      Transfer

Because the court has concluded that it lacks jurisdiction in this case, it must consider whether transfer to a court with jurisdiction is in the interests of justice:

> [w]henever a civil action is filed in [this] court . . . and [this] court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice,

> transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed . . .

28 U.S.C. § 1631 (2012).  "Transfer is appropriate when three elements are met:  (1) the transferring court lacks subject matter jurisdiction; (2) the case could have been filed in the court receiving the transfer; and (3) the transfer is in the interests of justice."  <u>Brown v. United States</u>, 74 Fed. Cl. 546, 550 (2006) (citing 28 U.S.C. § 1631)."

The court has already determined that it lacks jurisdiction over plaintiff's claims.  Plaintiff's complaint, however, contains so few factual allegations that the court is unable to determine whether transfer would serve the interests of justice in this case, or to which court such a transfer would be made.  For this reason, a transfer of plaintiff's claims is not warranted.  If plaintiff believes he has a viable claim that can be heard in another forum, he may pursue such a case independently.

IV.     Conclusion

The court does not possess subject matter jurisdiction over this suit, and this case must be dismissed.  Accordingly, plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, ECF No. 2, is **GRANTED** for the limited purpose of determining this court's jurisdiction.  The clerk's office is directed to **ENTER** final judgment **DISMISSING** plaintiff's complaint for lack of subject matter jurisdiction, without prejudice, pursuant to RCFC 12(h)(3).

IT IS SO ORDERED.

s/<u>**Patricia E. Campbell-Smith**</u><br>
PATRICIA E. CAMPBELL-SMITH<br>
Judge