# In the United States Court of Federal Claims

No. 20-1012C

(Filed: July 29, 2021)

**NOT FOR PUBLICATION**

| | | |
|---|---|---|
| LOUIS DIOR AMIR, Plaintiff, v. THE UNITED STATES, Defendant. | ) | Motion for Reconsideration; RCFC 59(a). |

ORDER

On October 6, 2020, plaintiff filed a motion for reconsideration of this court's August 19, 2020 decision to dismiss his complaint for lack of subject matter jurisdiction. See ECF No. 9 (motion for reconsideration); see also ECF No. 6 (order of dismissal). Defendant filed a response to plaintiff's motion on June 11, 2021, see ECF No. 17; and plaintiff filed a reply on July 9, 2021, see ECF No. 20. For the following reasons, the plaintiff's motion for reconsideration is **DENIED**.

I. Background

On August 19, 2020, the court dismissed plaintiff's pro se complaint sua sponte for lack of subject matter jurisdiction. See ECF No. 6. Therein, the court explained as follows:

> The claims presented in plaintiff's complaint are, by their nature, related to his conviction and imprisonment. This court has no jurisdiction over criminal matters, and thus does not have the authority to consider plaintiff's complaint. E.g., Joshua v. United States, 17 F.3d 378, 379 (Fed. Cir. 1994). It follows, also, that a request to set aside a criminal judgment is not within this court's jurisdiction. See id. at 380 (stating that the court "does not have

> jurisdiction to review the decision of district courts or the clerks of district courts relating to proceedings before those courts").
>
> To the extent that plaintiff alleges that the actions of the district court or judge violated his constitutional rights, jurisdiction is likewise lacking in this forum. It is well-settled that violations of a plaintiff's constitutional rights by a federal official do not fall within this court's jurisdiction. Brown v. United States, 105 F.3d 621, 624 (Fed. Cir. 1997).

See id. at 2. The court further held that the complaint "contains so few factual allegations that the court is unable to determine whether transfer would serve the interests of justice in this case, or to which court such a transfer would be made. For this reason, a transfer of plaintiff's claims is not warranted." Id. at 3. For these reasons, the court dismissed plaintiff's complaint, without prejudice. See id.

On October 6, 2020, plaintiff filed a motion for reconsideration of this court's decision dismissing the case. See ECF No. 9; see also ECF No. 10 (October 6, 2020 order deeming plaintiff's submission to be a motion for reconsideration, and granting leave to file the same). Before this court ruled on the motion for reconsideration, on October 16, 2020, plaintiff appealed this court's August 19, 2020 decision to dismiss this case to the United States Court of Appeals for the Federal Circuit. See ECF No. 11 (notice of appeal). And, on October 30, 2020, the court denied the motion for reconsideration as moot, concluding that the appeal had divested this court of jurisdiction. See ECF No. 12.

On March 24, 2021, the Federal Circuit remanded the case to this court for the "limited purposes of allowing the [court] to consider the October 6, 2020 submission and the submissions attached to the instant motion." See ECF No. 14. And on July 27, 2021, the Federal Circuit forwarded the documents in its record that it directed the court to consider on remand. See ECF No. 21 (Federal Circuit order). Those documents include:

(1) a copy of plaintiff's motion for reconsideration filed with this court, which includes minor clerical modifications, and omits exhibits,[1] see id. at 7-14;

(2) an "affidavit" that includes the caption of this case, but has not been previously filed with this court, in which plaintiff alleges that the warden of the institution in which he is incarcerated has denied him access to

[1] Plaintiff has corrected the case caption to reflect the fact that the undersigned is presiding over this case, see ECF No. 21 at 7; added the word "Amendment" to the title of the document, see id.; and updated the signature and date at the end of the document, see id. at 13. Plaintiff, however, made no changes to the substance of the motion.

electronic filing in this court, and states his belief that the undersigned should recuse herself from this case, see id. at 15-18; and

(3) a document that includes the caption of this case but has not been previously filed with this court, in which plaintiff details what he refers to as "evidence" that his court "incorrectly fil[ed]" several documents, including plaintiff's motion now under consideration, and seeks to "disqualify" the undersigned from presiding over cases brought by plaintiff, see id. at 19-22.

In his motion, plaintiff claims that this court "maliciously misconstrued" the allegations in his complaint, see ECF No. 9 at 1, and defines the relief he now seeks as follows:

> The [p]laintiff **DEMANDS COMPENSATION** in the form of a **SETOFF** where this court shall hold unlawful and set aside United States District Judge of the Northern Judicial District of Ohio Sara Lioi's Judgment In A Criminal Case enter[ed] in proceeding case number 1:10-cr-00439 after review of the whole record as being contrary to constitutional right, power, privilege, or immunity, and short of statutory right, and in excess of statutory jurisdiction, authority and limitations, without observance of procedure required by law and unsupported by substantial evidence in a case subject to Title 5 U.S.C. §§ 556 and 557.

Id. at 3.

II. Legal Standards

Rule 59(a) of the Rules of the United States Court of Federal Claims (RCFC) governs a motion for reconsideration, and provides that rehearing or reconsideration may be granted: "(A) for any reason for which a new trial has heretofore been granted in an action at law in federal court; (B) for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court; or (C) upon the showing of satisfactory evidence, cumulative or otherwise, that any fraud, wrong, or injustice has been done to the United States." RCFC 59(a)(1).

The court, "in its discretion, 'may grant a motion for reconsideration when there has been an intervening change in the controlling law, newly discovered evidence, or a need to correct clear factual or legal error or prevent manifest injustice.'" Biery v. United States, 818 F.3d 704, 711 (Fed. Cir. 2016) (quoting Young v. United States, 94 Fed. Cl. 671, 674 (2010)). Motions for reconsideration must be supported "'by a showing of extraordinary circumstances which justify relief.'" Caldwell v. United States, 391 F.3d 1226, 1235 (Fed. Cir. 2004) (quoting Fru-Con Constr. Corp. v. United States, 44 Fed. Cl.

298, 300 (1999), aff'd, 250 F.3d 762 (2000)). Such a motion, however, "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008) (quoting 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2810.1 (2d ed. 1995)). In addition, "a motion for reconsideration is not intended . . . to give an 'unhappy litigant an additional chance to sway' the court." Matthews v. United States, 73 Fed. Cl. 524, 525 (2006) (quoting Froudi v. United States, 22 Cl. Ct. 290, 300 (1991)).

## III. Analysis

### A. Motion for Reconsideration

In his motion for reconsideration, plaintiff argues that this court "maliciously construed" the evidence in this case in dismissing his complaint for lack of subject matter jurisdiction. See ECF No. 9 at 1. More specifically, plaintiff seems to disagree with the court's conclusion that "it appears to the court [that] plaintiff requests that this court set aside the criminal judgment against him." ECF No. 6 at 1. Plaintiff asserts that his complaint arises under 5 U.S.C. § 702, pursuant to which he seeks judicial review of:

> the action of United States District Judge for the Northern Judicial District of Ohio Sara Lioi in case number 1:10-cr-00439 whom has acted under the color of legal authority committing the Plaintiff into the custody of the Attorney General of the United States constituting the United States as an indispensable party, thus within the meaning of 28 U.S.C. § 1491(a)(1).

ECF No. 9 at 2. Plaintiff further states that:

> his guaranteed protection of the 5th Amendment of the Constitution of the United States' Due Process Clause against the United States in accordance with the fact that the Plaintiff's liberty and property have been taken by an United States Agency void constitutional power and void legislative authority to legally convict and sentence the Plaintiff for alleged acts allegedly committed within the legislative territorial jurisdiction of the State of Ohio constituting a legal wrong currently being suffered by the Plaintiff.

Id. Although the plaintiff cites a variety of court rules and statutes throughout his motion and his reply, it remains clear to the court that plaintiff primarily seeks to challenge his criminal conviction and sentence, along with the actions of the district court judge before whom he appeared for those criminal proceedings. See id. at 1-7; ECF No. 20 at 1-2. In particular, in his statement of the relief he seeks, he asks this court to "hold unlawful and set aside," the district court judge's actions. ECF No. 9 at 3. Nothing in the documents

attached to plaintiff's motion filed with the Federal Circuit changes this conclusion. See ECF No. 21.

While plaintiff may disagree with the court's decision, he presents no "intervening change in the controlling law, newly discovered evidence, or a need to correct clear factual or legal error or to prevent manifest injustice." Biery, 818 F.3d at 711. Without such a showing, reconsideration is not warranted.

The court notes that plaintiff has appended a motion to transfer to his reply in support of his motion for reconsideration. See ECF No. 20 at 4-6. Therein, plaintiff asks the court to transfer this case to Senior Judge Margaret M. Sweeney for consolidation with Amir v. United States, Case No. 20-1045. See id. at 4. Plaintiff's motion to transfer is moot for two reasons. First, the court declines to reconsider its previous decision to dismiss this case for lack of subject matter jurisdiction. As such, this case will remain closed and cannot be transferred. Second, the case that was pending before Senior Judge Sweeney is also closed, and therefore cannot be consolidated with any other proceedings. See Amir, Case No. 20-1045, ECF No. 23 (opinion dismissing plaintiff's complaint and enjoining him from filing any new complaints in this court absent leave of the chief judge); ECF No. 24 (judgment dismissing the case).

## IV. Conclusion

Accordingly, for the foregoing reasons, plaintiff's motion for reconsideration, ECF No. 9, is **DENIED**.

IT IS SO ORDERED.

s/*Patricia E. Campbell-Smith*
PATRICIA E. CAMPBELL-SMITH
Judge